# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No.  1:15-cv-00505---SKO |
| Plaintiff, | |
| v. | **ORDER DISCHARGING OCTOBER 13, 2015, ORDER TO SHOW CAUSE RE CONTEMPT** |
| JESUS ARAMBULA, individually and d/b/a MARISCOS EL TAPATIO, | **ORDER REQUIRING SUPPLEMENTAL DECLARATION OF COUNSEL PRIOR TO NOVEMBER 18, 2015, HEARING ON MOTION FOR DEFAULT JUDGMENT** |
| Defendant. | (Doc. 18) |

On October 1, 2015, the Court issued a minute order requiring Plaintiff to file a declaration reflecting that service had been properly effectuated upon Defendant by substituted service by no later than October 9, 2015.  (Doc. 17.)  No declaration was filed.  (*See* Docket.)  On October 13, 2015, the Court issued an order that Plaintiff file a statement showing cause why this action should not be recommended for dismissal for failure to prosecute and failure to comply with the Court's order.  (Doc. 18.)  On October 23, 2015, Plaintiff filed a response and declaration in support of its response to the order to show cause, stating that through an administrative error Plaintiff failed to file a timely declaration pursuant to the Court's order, providing evidence regarding the sufficiency of service upon Defendant, and requesting the Court not dismiss Plaintiff's case. (Doc. 19-1, ¶¶ 1-6.)

In light of Plaintiff's compliance with the Court's order, the October 13, 2015, order to show cause why this action should not be recommended for dismissal is discharged.

However, the Court is still unable to determine whether the proof of service reflecting substituted service at a location different from the business location identified in the Complaint was proper under California law.  It is unclear whether Defendant was properly served by substitute service at 541 W. Bardsley (Supermercado Julian), given that the only relationship identified by Plaintiff's submitted exhibits was between Defendant and the 744 W. Inyo Avenue (Mariscos El Tapatio) and 505 W. Bardsley (Panaderia Julian) addresses.  An affidavit from the process server should be filed with the Court, attesting that the recipient of substituted serve at 541 W. Bardsley acknowledge and affirmatively stated that she (1) knew Defendant, and (2) understood the process server's instructions to deliver the summons and Complaint to Defendant. *See* Cal. Code Civ. Proc. § 415.20(b) (authorizing service of process by substitute service); *Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1393 (1992) (requiring substitute service to be made upon a person "whose relationship with the person to be served makes it more likely than not that they will deliver process to the named party").

It is also unclear whether the summons and Complaint were properly served in compliance with California law.  Per Fed. R. Civ. P. 4, service may be accomplished pursuant to state law.  However, in the event that service is accomplished under state law, it must comply with all the requirements imposed by state law.  *See, e.g., Calderon Serra v. Banco Santander Puerto Rico*, 747 F.3d 1, 8 (1st Cir. 2014).  Plaintiff has elected to effectuate service of the summons and Complaint pursuant to California state law, Cal. Code Civ. Proc. § 415.20(b), and therefore must also comply with the requirements of Cal. Code Civ. Proc. § 412.20(a), which requires the following advisement in boldface type in *both* English and Spanish:  "Notice!  You have been sued.  The court may decide against you without your being heard unless you respond within 30 days.  Read information below."  It is unclear whether service on Defendant, in addition to being properly effectuated by substitute service, included this language to provide sufficient notice of the potential consequences of ignoring the complaint as required by California law[1].

---

[1] Plaintiff's evidence on service of process suggests Defendant may be a monolingual Spanish speaker.

Accordingly, IT IS HEREBY ORDERED that:

1. The October 13, 2015, order to show cause why this action should not be recommended for dismissal is DISCHARGED; and

2. By no later than November 11, 2015, Plaintiff shall file a supplemental declaration and any necessary supporting affidavits or exhibits addressing whether service of process was sufficient as to:

   a. Notice in Spanish pursuant to Cal. Code Civ. Proc. § 415.20(a); and

   b. Substitute service pursuant to Cal. Code Civ. Proc. § 415.20(b).

IT IS SO ORDERED.

Dated: **November 2, 2015**                             **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE